**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                             **CRIMINAL ACTION NO. 2:16-CR-3-KS-MTP**

**KENNETH E. FAIRLEY
and ARTIE FLETCHER**

**AMENDED MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Continue [37], Motion to Sever [38], and Motion to Withdraw Document [44] filed by Defendant Kenneth E. Fairley ("Fairley"), and the Motion to Continue [40] filed by Defendant Artie Fletcher ("Fletcher"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that Defendant Fairley's Motion to Sever [38] should be withdrawn pursuant to his Motion to Withdraw Document [44]. The Court further finds that a continuance in this case is warranted and should be granted.

**I.  DISCUSSION**

   A.    **Fairley's Motion to Sever [38] and Motion to Withdraw Document [44]**

Defendant Fairley originally requested the Court to grant a severance in this case. The Court finds that it does not need to rule on this motion, though, as Fairley has subsequently filed his Motion to Withdraw Document [44], requesting that the Motion to Sever [38] be withdrawn. The Motion to Withdraw Document will therefore be **granted** and the Motion to Sever [38] is **withdrawn**.

   B.    **Motions to Continue [37][40]**

The decision to grant a continuance is "within the sound discretion of the trial court." *United States v. Rounds*, 749 F.3d 326, 337 (5th Cir. 2014) (citing *United States v. Shaw*, 920 F.2d 1225,

1

123 (5th Cir. 1991)). In guiding this discretion, the Court looks to the Fifth Circuit's "totality of the circumstances" standard, evaluating:

> (a) the amount of time available; (b) the defendant's role in shortening the time needed; (c) the likelihood of prejudice from denial; (d) the availability of discovery from the prosecution; (e) the complexity of the case; (f) the adequacy of the defense actually provided at trial;[1] and (g) the experience of the attorney with the accused.

*Rounds*, 749 F.3d at 337 (quoting *United States v. Walters*, 351 F.3d 159, 170 (5th Cir. 2003)).

### 1. Fairley's Motion [37]

Defendant Fairley makes multiple arguments in support of his Motion to Continue [37]. First, Fairley makes the argument that the original trial date of April 18, 2016, violated the Speedy Trial Act because it was less than thirty (30) days after Fairley first made his appearance in court. Because of this, he contends that the current trial date, June 13, 2016, should be considered the first trial setting. The Court does not find that this is a reason for a continuance, and will not grant one on this basis alone.

Fairley next attempts to argue that because of the vast amount of documents the defense must go through, which he estimates to be around 6,000 pages, he would be prejudiced if he were required to go forward as scheduled. The bulk of these documents, 5,000 pages, were shipped overnight via Federal Express on March 29, 2016, giving Fairley and his attorneys over ten weeks to review these documents. The remaining documents were sent on May 12, 2016, giving Fairley and his attorneys over a month to review them. If Fairley and his attorneys have been diligent, as Fairley contends, then they have had ample opportunity to review these documents prior to the trial date.

---

[1]The adequacy of the defense provided at trial is obviously only considered on appellate review.

Fairley also argues that there are novel issues of law that must be decided in this case. These issues of law, insomuch as they exist, have existed since the indictment was issued by the grand jury on March 10, 2016, and Fairley and his attorneys have had over three months to research these questions before the start of trial.

Fairley next argues that he has obtained additional counsel that must be brought into his defense team and adequately briefed on the case. The Court would first note that the additional counsel Fairley has hired has yet to enter an appearance in this case and is therefore not a counsel of record. With Fairley's original attorney still lead counsel on the case, the Court does not see how the addition of this new attorney would warrant a continuance, especially when it was Fairley's own decision to wait until two weeks before trial to hire him.

Fairley also contends that he should be granted a continuance because no prejudice has been alleged on the part of the government or his co-defendant. However, the burden is not on the government or Fletcher to prove lack of prejudice, but rather on Fairley to prove prejudice. *See Rounds*, 749 F.3d at 337 (quoting *Walters*, 351 F.3d at 170).

Finally, Fairley alleges that he has been diligent in pursuit of his defense, traveling "from Mississippi to Michigan" in search of experts and counsel, and that such diligence has taken a toll on his health. While it is regretful that the stress of his criminal trial is negatively impacting the defendant's health, the Court does not see how this will result in a prejudice to Fairley at trial, particularly when it does not appear that his health conditions have stopped him from diligently pursuing his defense.

The Court therefore finds that Fairley has not shown that a continuance is necessary. However, because his co-defendant Fletcher has shown good cause as detailed below, the Court will nevertheless **grant** the continuance requested in Fairley's motion [37].

### 2. Fletcher's Motion [40]

Defendant Fletcher has also filed a Motion to Continue [40], and argues that the sudden health issues of a critical witness in his case will cause him prejudice if a continuance is not granted. Fletcher's mother, Elaine Fletcher, is expected to testify in this case in his defense, and will be unable to participate in the trial given the current setting, as she is currently hospitalized after suffering a stroke. Because Fletcher has designated his mother as a critical witness in his defense and because the Court finds that a denial of the continuance could prejudice his defense, the Court will **grant** his Motion to Continue [40].

## II.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Fairley's Motion to Withdraw Document [44] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Fairley's Motion to Sever [38] is **withdrawn**.

IT IS FURTHER ORDERED AND ADJUDGED that Fairley's Motion to Continue [37] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Fletcher's Motion to Continue [40] is **granted**. The Court is of the opinion and so finds that the motion for a continuance in this matter filed by Artie Fletcher and Kenneth E. Fairley should be granted; and that for the reasons set forth therein, that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial and the failure to grant the continuance would result in a miscarriage of justice.

IT IS FURTHER ORDERED that the trial in this matter is re-set for **September 6, 2016**, in Hattiesburg, Mississippi.  The time until the new trial date of September 6, 2016, will not count for the purposes of speedy trial.

SO ORDERED AND ADJUDGED this the 7th day of June, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE