**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATE OF AMERICA**

**VS.**                                                                  **CRIMINAL CASE NO. 2:16cr3-KS-MTP**

**KENNETH E. FAIRLEY, SR.
AND ARTIE FLETCHER**

**ORDER**

This cause is before the Court on Motion for Judgment of Acquittal Notwithstanding the Verdict [83] and Motion for New Trial [84][1].  In this motion, Fairley alleges as follows.

**1.    THE COURT SHOULD ENTER VERDICTS OF NOT GUILTY ON COUNTS 1, 2, AND 3, BECAUSE THE COURT INCORRECTLY ADMITTED CO-CONSPIRATOR'S STATEMENTS IN VIOLATION OF *CRAWFORD V. WASHINGTON*.**

The Court admitted, over the Defendant's objections, recordings of conversations between Fairley and his co-defendant, Artie Fletcher, and allowed them to be played for the jury.  The Court also allowed into evidence a copy of a state court complaint filed by Fletcher against Fairley.  He questions the propriety of the Court admitting the recordings and the document, arguing that the documents are: (1) hearsay, and that (2) they violate Fairley's Sixth Amendment right to confront witnesses testifying against him.

The Court, in overruling Defendant's objection to the documents, ruled that the documents would be admitted under Rule 801(d)(2)(E), and the relevant parts state:

---

[1] While these motions are delineated as two separate documents, they consist of only one document, which is titled "Motion for Judgment of Accuital Notwithstanding the Jury Verdict." ECF requirements call for two separate listings when more than one motion is made in the same document.

1

**Statements That Are Not Hearsay**

> A statement that meets the following conditions is not hearsay: . . .
>
> (2) *An Opposing Party's Statement*.  The statement is offered against an opposing party and:
>
> (A) was made by the party in an individual or representative capacity; . . .
>
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy. . . .

The recordings are of conversations between the two co-conspirators, Kenneth E. Fairley, Sr. and Artie Fletcher, defendants in this case.  The conversations involve many things related to the conspiracy, including but not limited to, efforts to file documents to adequately document alleged work done on the project, including allowing Fairley to sign Fletcher's name, attempts by Fletcher to be repaid "seed money" put into the project and other general topics of conversation, most of which surround the conspiracy.  Defendant argues that these statements were not made in the course of the conspiracy, nor in the furtherance of the conspiracy.  The Court found that they were and the statements speak to the fact that they were.  The indictment alleges that the conspiracy began in August of 2010 and continued through on or about December 12, 2012.  ECF Document [3-1].  The recordings were made during the alleged period.  The statements are admissible even if they evidence an internal conflict between the defendant and other members of the conspiracy.  *See U.S. v. Graham*, 711 F. 3d 445, 455 - 455 (4th Cir. 2013) (holding that "telephone calls between defendant's co-conspirators in efforts to collect intra-conspiracy debt owed by defendant to conspirators' out of state drug supplier were in furtherance of charged conspiracy to distribute").

At the time of the conversations, there was some conflict regarding the repayment by Fairley to Fletcher, but the conversations clearly indicated that portions  were in furtherance of the

conspiracy and during the course of same.

Even if defendant is correct in that the exhibits were not in the course and furtherance of the conspiracy, they are significant direct evidence of the conspiracy. The tapes reveal that Fletcher and Fairley were involved in a scheme to allow Fairley to submit inflated bills for reimbursement and pocket the difference in the bills and the actual costs.

The tapes were clearly admissible under the reasons stated above.

Additionally, the defendant objected to the admission of a copy of a state court lawsuit wherein Fletcher sought to recoup money from Fairley. The state court lawsuit was filed in 2013 and showed Fletcher's efforts to be repaid by Fairley. The lawsuit is an opposing party's statement admitted to factually demonstrate Fairley's actions and is direct evidence of the conspiracy stated by defendant Fletcher who signed the lawsuit documents. For the same reasons above stated, the introduction of the copy of the civil complaint was proper.

The Court does not recall a contemporaneous objection based on the Confrontation Clause, but if there was such objection, these exhibits were recorded long before the investigation began and the tapes were in existence before the conspiracy ended. No Confrontation Clause issue existed.

Defendant's motion is overruled on these points.

2. **THE COURT SHOULD ENTER VERDICTS OF NOT GUILTY BECAUSE IRS SPECIAL AGENT LUKER TESTIFIED TO THE INCORRECT LEGAL STANDARD FOR APPROPRIATE USES OF HUD CHDO SET-ASIDE FUNDS.**

It is argued by the defendant that Special Agent Luker testified on cross examination that none of the stolen money could be used for Pine Belt's overhead. The record is replete with testimony regarding the ability of Fairley to have some percentage of his overhead paid from the HUD grant. It is also replete with proof that he did claim and was paid 18% overhead. The offered

expert who was not allowed to testify as an expert, claimed that overhead and operating expenses could be reimbursed based on HUD regulations. Defendant sought to have non-project overhead count toward the project costs. The jury clearly heard the evidence and rejected Fairley's position.

**CONCLUSION**

In order for the Court to grant a Judgment of Acquittal pursuant to F.R. Crim. P. 29, the Court would have to find that "no rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Block*, 635 F. 3d 721, 723 (5th Cir. 2011) (citations and quotations omitted). Defendant fails in this proposition.

In order for the Court to grant a new trial pursuant to Fed. R. Crim. P. 33, the Court would have to have "a real concern that an innocent person may have been convicted." *U.S. v Sanchez,* 969 F. 2d 1409, 1414 (2nd Cir. 1994). The Court did not and cannot find same at this time.

The Defendant was afforded a multi-day trial, was well represented by a number of lawyers and used significant resources to defend the claims. The jury found the defendant guilty of Counts 1, 2, and 3, and the Court finds that there is no basis to grant a verdict of acquittal or a new trial. For the reasons above stated, Motions [83] and [84] be and the same are hereby **overruled**.

SO ORDERED on this the 28th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE