# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                         **CRIMINAL NO. 2:16-CR-3-KS-MTP**

**KENNETH E. FAIRLEY**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Supplemental Motion for Bond Pending Appeal ("Supplemental Motion") [143] filed by Defendant Kenneth E. Fairley. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I. BACKGROUND

In March 2016, Defendant Kenneth E. Fairley ("Defendant") was indicted along with his co-conspirator, Artie Fletcher for conspiring to defraud the United States – specifically, to steal government money in violation of 18 U.S.C. § 641. Fletcher pleaded guilty to a separate information, while Defendant proceeded to trial on three counts: conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371, and two counts of theft of government money in violation of 18 U.S.C. § 641. After a six-day trial in September 2016, a jury of Defendant's peers returned guilty verdicts on all three counts. On December 19, 2016, the Court sentenced Defendant, and on December 22, 2016, the Court entered a Judgment. Defendant filed a Motion for Bail Pending Appeal [112], which the Court denied on February 8, 2017. Defendant renewed his motion with the Fifth Circuit, who denied it without prejudice finding that Defendant raised a claim that was not previously presented to this Court and that he had exceeded the page

limit of his motion by incorporating by reference his appellate brief. Subsequently, Defendant filed his Supplemental Motion [143] on June 5, 2017, which the Court now considers.

## II. DISCUSSION

"A convicted defendant has no constitutional right to bail." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). Therefore, for convicted defendants, "any putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *Id.* The statute provides, in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. §3143(b)(1). To be clear, the statute establishes a presumption that a person convicted "shall . . . be detained . . . ." *Id.*

A "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023-24 (5th Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)) (internal quotations omitted). The "issue presented must raise a substantial doubt (not merely fair doubt) as to the outcome of its resolution," *id.* at 1024, and the convicted defendant must demonstrate "a substantial chance of prevailing on appeal." *United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990).

Defendant's sole claim in his Supplemental Motion [143] is that the Court's instructions to the jury as to Counts Two and Three of the indictment charged an offense that differed from the indictment. As these instructions were not objected to prior to their submission to the jury,[1] the Fifth Circuit will review this issue for plain error. Therefore, for Defendant to demonstrate "a substantial chance of prevailing on appeal," *Clark*, 917 F.2d at 180, he must establish (1) that there is some "error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned;" (2) that this error is "clear or obvious, rather than subject to reasonable dispute;" (3) that the error affected Defendant's "substantial rights;" and (4) that the Fifth Circuit is likely to exercise their "*discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (quoting *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 173 L.Ed.2d 266 (2009)) (alteration and emphasis in original).

Jury Instruction No. 10 stated the following with regards to how the jury should deliberate as to Count 2 of the indictment:[2]

---

[1] Defendant objected only as to whether the monetary amounts listed in the indictment should be included in the instructions. (*See* Trial Transcript Vol. V [137] at 1274-77.)
[2] Jury Instruction 11 contains the same language but refers to Count 3 of the indictment.

3

Count 2 of the indictment accuses Defendant Kenneth E. Fairley, Sr., of violating Title 18 of the United States Code, Section 641, which makes it illegal to knowingly and willfully receive, retain, conceal, or convert, any money, property, or thing of value belonging to the United States having an aggregate value of more than $1,000.

For you to find Defendant Fairley guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

*First*:  That the money described in Count 2 of the indictment, belonged to the United States government and had a value in excess of $1,000 at the time alleged;

*Second*:  That Defendant Fairley **knowingly and willfully converted [sic] received, retained, concealed, or converted such money**; and

*Third*:  That Defendant Fairley did so with intent to convert said money to his use or use of another.

Defendant argues that this instruction impermissibly inserts the word "received" into the language from the indictment, allowing for the jury to convict if he "received" federal money.

In Jury Instruction No. 12, the jury was further instructed on Counts 2 and 3 that their verdict needed to be unanimous, stating

> You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Counts 2 and 3.
>
> Counts 2 and 3 of the indictment accuses the defendant of violating Title 18 of the United States Code, Section 641, in four different ways. The first is that the defendant knowingly and willfully received money, property, or thing of value belonging to the United States. The second is that the defendant knowingly and willfully retained money, property, or thing of value belonging to the United States. The third is that the defendant knowingly and willfully concealed money, property, or thing of value belonging to the United States. The fourth is that the defendant knowingly and willfully converted money, property, or thing of value belonging to the United States.
>
> The government does not have to prove all of these for you to return a guilty verdict on these charges. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proven. All of you must agree that the government proved beyond a reasonable

4

    doubt that the defendant knowingly and willfully received money, property, or thing of value belonging to the United States; or all of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly and willfully concealed money, property, or thing of value belonging to the United States; or all of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly and willfully retained money, property, or thing of value belonging to the United States; or all of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly and willfully converted money, property, or thing of value belonging to the United States.

On the Verdict Form [75], the jury indicted that they were unanimously convicting Defendant of "knowing and willfully receiving [and] converting any money, property, or thing of value" by crossing out the words "retaining" and "concealing."

    Therefore, though the Court may have been in error in inserting the word "receiving" into the instructions and verdict form, the jury found beyond a reasonable doubt that Defendant was also guilty of "converting" the money in question. As such, the error did not affect Defendant's substantial rights, and Defendant's conviction is not likely to be reversed on a plain error review of this issue by the Fifth Circuit.

    Defendant has therefore failed to show that his appeal presents a substantial question of law that is likely to result reversal, new trial, a reduced sentence, or a sentence that does not include imprisonment. *See* 18 U.S.C. §3143(b)(1). As such, the Supplemental Motion [143] will be **denied**.

### III.  CONCLUSION

    IT IS THEREFORE ORDERED AND ADJUDGED that the Supplemental Motion [143] is **denied**.

    SO ORDERED AND ADJUDGED, on this, the __21st__ day of July, 2017.

                                                        _____s/Keith Starrett_____
                                                        KEITH STARRETT
                                                        UNITED STATES DISTRICT JUDGE